IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>PARIS EDWARD THOMAS LOYLE,<br>AND KATHERINE CHRISTINE LOYLE,<br><br>Debtors. | Case No. 19-10065<br>Chapter 7 |
| PARIS EDWARD THOMAS LOYLE,<br>AND KATHERINE CHRISTINE LOYLE,<br><br>Plaintiffs,<br>vs.<br><br>U.S. DEPARTMENT OF EDUCATION,<br>et al.,<br>Defendants. | Adversary No. 20-5073 |

## ANSWER OF DEFENDANT UNITED STATES DEPARTMENT OF EDUCATION

Defendant United States Department of Education (DOE) answers the numbered paragraphs of Debtors' Complaint to Determine Discharge of Student Loans, as follows:

1. DOE denies each and every allegation unless specifically admitted herein.

2. DOE admits Paragraphs 1 – 3.

3. DOE is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4, therefore it is denied.

4. DOE admits paragraph 5.

5. DOE is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraphs 6 – 19, therefore they are denied

In the United States Bankruptcy Court
*Paris Loyle, et al., v. United States Department of Education, et al.*
Adversary No. 20-5073
Answer of Defendant United States Department of Education
Page 2

      6.      As to Paragraphs 20 and 21, DOE admits that borrower Paris Loyle executed a Federal Direct Consolidation Note on March 30, 2012. Consolidation loans were made by DOE under the William D. Ford Federal Direct Consolidation Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1070 *et seq*. (34 C.F.R. Part 685) as follows:

| Disbursement Date | Amount | Capitalized Int. | Interest rate | Current | Current Prin. |
|---|---|---|---|---|---|
| 06/07/12 | $ 68,105.96 | $ 9,413.58 | 4.38% | $ 4,653.53 | $ 77,519.54 |
| 05/11/12 | $105,402.45 | $30,951.12 | 4.38% | $ 8,172.83 | $136,353.57 |

Grand Total (C. Interest + C. Principal): $226,699.47

The borrower Paris Loyle now owes the United States the unpaid principal of $213,873.11 and unpaid accrued interest of $12,826.36 totaling $226,699.47 as of May 19, 2020. DOE is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraphs 20 and 21, therefore they are denied.

      7.      DOE is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 22 – 30, therefore they are denied.

      8.      As to Paragraphs 31 and 32, DOE admits that borrower Katherine Loyle executed a Federal Direct Consolidation Note on March 8, 2012. Consolidation loans were made by DOE under the William D. Ford Federal Direct Consolidation Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1070 *et seq*. (34 C.F.R. Part 685) as follows:

| Disbursement Date | Amount | Capitalized Int. | Interest rate | Current | Current Prin. |
|---|---|---|---|---|---|
| 05/17/12-06/01/12 | $ 41,254.36 | $ 7,068.04 | 5.63% | $ 7,059.70 | $ 47,245.51 |
| 05/17/12-07/05/12 | $ 75,104.67 | $20,110.48 | 5.63% | $ 3,507.10 | $ 95,101.03 |

Grand Total (C. Interest + C. Principal): $152,913.34

In the United States Bankruptcy Court
*Paris Loyle, et al., v. United States Department of Education, et al.*
Adversary No. 20-5073
Answer of Defendant United States Department of Education
Page 3

The borrower Katherine Loyle now owes the United States the unpaid principal of $142,346.54 and unpaid accrued interest of $10,566.80 totaling $152,913.34 as of May 29, 2020. DOE is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraphs 31 and 32, therefore they are denied.

9. DOE is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 33 – 44, therefore they are denied.

10. Paragraphs 45 – 51 are denied. It is specifically denied that Plaintiffs have made a good faith effort to repay the loans and that repayment would constitute an undue hardship.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**

Plaintiffs fail to meet the test of hardship as set forth in *Brunner v. New York State Higher Education Services Corp*., 831 F.2d 395 (2nd Cir. 1987).

**Second Affirmative Defense:**

Plaintiffs should be required to utilize the DOE's Income Driven Repayment program.

**Fourth Affirmative Defense:**

DOE reserves the right to assert additional affirmative defenses which are determined to exist during discovery in the case.

WHEREFORE, Defendant prays that Plaintiffs take nothing by their alleged causes of action and that Defendant be awarded the costs associated with the defense of this matter along with such other and additional relief as the Court determines to be appropriate under the circumstances.

In the United States Bankruptcy Court
*Paris Loyle, et al., v. United States Department of Education, et al.*
Adversary No. 20-5073
Answer of Defendant United States Department of Education
Page 4

                                      Respectfully submitted,

                                      s/ Brian D. Sheern
                                      BRIAN D. SHEERN
                                      Assistant United States Attorney
                                      301 N. Main, Suite 1200
                                      Wichita, KS  67202
                                      Tele:   316-269-6481
                                      Fax:   316-269-6484
                                      Brian.Sheern@usdoj.gov
                                      Ks S.Ct.No. 21479
                                      *Attorney for Defendant United States Department Of Education*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 4, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

January Bailey
301 N. Main, Suite 2000
Wichita, KS  67202
*Attorney for Plaintiffs*

                                      s/ Brian D. Sheern
                                      BRIAN D. SHEERN
                                      Assistant United States Attorney