SO ORDERED.

SIGNED this 29th day of July, 2020.



Mitchell L. Herren
United States Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | § | Case No. 19-10065 |
| PARIS EDWARD THOMAS LOYLE and KATHERINE CHRISTINE LOYLE, | § § § | Chapter 7 |
| Debtors. | § § | |
| PARIS EDWARD THOMAS LOYLE KATHERINE CHRISTINE LOYLE, | § § § | |
| Plaintiffs, | § § | Adv. No. 20-05073 |
| v. | § § | |
| UNITED STATES DEPARTMENT OF EDUCATION, NAVIENT SOLUTIONS LLC, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, FEDLOAN SERVICING, EDUCATIONAL COMPUTER SYSTEMS, INC., R3 EDUCATION INC., FIRTMARK SERVICES, CITIZENS ONE, TAB BANK, and AMERICAN EDUCATION SERVICES, | § § § § § § § § § | |
| Defendants. | § § | |

US Bankruptcy Court District of Kansas
Loyle v DOE et al. 20-5073
Agreed Judgment Order as to R3 & ECSI
July 28, 2020
Page 2

## AGREED JUDGMENT ORDER AS TO R3 EDUCATION INC AND EDUCATIONAL COMPUTER SYSTEMS INC

Upon consideration of the complaint filed by Plaintiffs Paris Edward Thomas Loyle and Katherine Christine Loyle (collectively, the "***Debtors***" or the "***Loyles***") in the above-captioned adversary proceeding against the above-captioned defendants (collectively, the "***Defendants***"); the Defendants R3 Education, Inc. ("***R3***") and Educational Computer Systems, Inc. ("***ECSI***") having chosen not to contest the relief sought in the complaint as to the R3 loan; the Court having reviewed the complaint; it appearing that proper and timely notice has been given and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore,

**THE COURT HEREBY FINDS THAT:**

A. In this Agreed Judgment Order, each of the Debtors, R3, and ECSI is a "***Party***" and collectively constitute the "***Parties***."

B. On May 12, 2020, the Plaintiffs filed a complaint (the "***Complaint***") to determine the dischargeability of certain student loans. *See* Dkt. 1.

C. On March 24, 2010, R3 loaned Debtor Paris Edward Thomas Loyle the amount $10,000. The current principal remaining on the loan is $8,603.07. *See* Compl., ¶¶ 23, 44.

D. ECSI serviced the R3 loan.

E. By their Complaint, the Debtors seek to discharge R3's loan, among other loans, on the basis that excepting such loans from discharge would constitute an "undue hardship." Compl., ¶ 51.

F. Without any admission of fault or liability, Defendants R3 and ECSI have chosen not to contest the relief sought by the Debtors in the Complaint as to the R3 loan, subject

2

US Bankruptcy Court District of Kansas
Loyle v DOE et al. 20-5073
Agreed Judgment Order as to R3 & ECSI
July 28, 2020
Page 3

to the following terms and conditions, and the Parties have stipulated and agreed to the entry of this Agreed Judgment Order.

**IT IS ORDERED AND JUDGMENT IS ENTERED AS FOLLOWS:**

1. The relief sought by the Complaint is granted solely with respect to the R3 loan, subject to the terms and conditions set forth herein.

2. The R3 loan is hereby deemed subject to the discharge granted to the Debtors by the Court pursuant to 11 U.S.C. § 727 on April 22, 2019.

3. Except with respect to R3's and ECSI's obligations under this Agreed Judgment Order, the Debtors release and forever discharge R3 and ECSI and each of their successors and assigns, and their respective past, present and former shareholders, members, equity holders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives, of and from any and all losses, costs, claims, actions, lawsuits, administrative claims, arbitration claims, causes of action, demands, damages, obligations, expenses or liabilities of any type whatsoever, in law or in equity, imposed by contract, statute, common law or otherwise, whether or not known now, anticipated or unanticipated, suspected or claimed, fixed or contingent, direct or indirect, liquidated or unliquidated, accrued or unaccrued, irrespective of legal theory, including any claim or theory of strict liability or arising from any negligent, grossly negligent, willful, intentional or any other acts or omissions, and whether damage has resulted from such or not (collectively, "*Claims*"), arising from or relating to the R3 loan.

4. Except with respect to the discharge of the R3 loan, nothing herein shall have any res judicata or preclusive effect on any proceeding or litigation initiated in any other court as to the R3 loan, or relating to or otherwise implicating the facts and law at issue in such a claim.

US Bankruptcy Court District of Kansas
Loyle v DOE et al. 20-5073
Agreed Judgment Order as to R3 & ECSI
July 28, 2020
Page 4

Without limiting the foregoing, the Debtors, R3, and ECSI each understands and agrees that this Agreed Judgment Order and the settlement provided for herein, are intended to compromise disputed claims and defenses, to avoid litigation and to buy peace, and that this Agreed Judgment Order and the settlement provided for herein shall not be construed or viewed as an admission by any Party of liability or wrongdoing, such liability being expressly denied, and shall not be construed or viewed as an admission by any Party of any of the allegations set forth in the Complaint. This Agreed Judgment Order, and the settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence or support a contention that any of the Parties acted illegally, improperly, or in breach of law, contract or proper conduct.

5. The provisions of this Agreed Judgment Order and the settlement provided for herein are for the sole benefit of the Parties and their successors and permitted assigns, and they will not be construed as conferring any rights to any third party (including any third party beneficiary rights).

6. This order shall be binding on the chapter 7 trustee, the Debtors and their estates, including any subsequent chapter 7 or chapter 11 trustee, or any other type of trustee thereafter appointed in the Debtors' bankruptcy cases.

7. This order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules to the contrary.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Agreed Judgment Order.

9. The Debtors, R3, and ECSI consent to the entry of this Agreed Judgment Order.

US Bankruptcy Court District of Kansas
Loyle v DOE et al. 20-5073
Agreed Judgment Order as to R3 & ECSI
July 28, 2020
Page 5

IT IS SO ORDERED

###

**IN WITNESS WHEREOF**, the Parties execute this Stipulation.

Dated: July 27, 2020

/s/January M. Bailey
ERON LAW, P.A.
January M. Bailey, #23926
301 N. Main, Ste 2000
Wichita, KS 67202
T: (316) 262-5500
F: (316) 262-5559
january@eronlaw.net


*Counsel for the Debtors*

LOCKE LORD LLP
Jonathan W. Young
111 Huntington Avenue
Boston, MA 02199
Phone: 617-239-0367
Fax: 855-595-1190
*jonathan.young@lockelord.com*

Michael B. Kind
111 South Wacker Drive
Chicago, IL 60606
T: 312-201-2392
F: 855-595-1192
*michael.kind@lockelord.com*

*Counsel for R3 Education, Inc.*

_____
NELSON MULLINS RILEY & SCARBOROUGH LLP
Gregory M. Taube
201 17th Street, NW, Suite 1700
Atlanta, GA 30363

*Counsel for Educational Computer Systems, Inc. and R3 Education, Inc.*

5

83036387v.2

US Bankruptcy Court District of Kansas
Loyle v DOE et al. 20-5073
Agreed Judgment Order as to R3 & ECSI
July 28, 2020
Page 6

PAGE INCLUDED FOR SIGNATURE

Wichita, KS 67202
T: (316) 262-5500
F: (316) 262-5559
january@eronlaw.net

*Counsel for the Debtors*

Boston, MA 02199
Phone: 617-239-0367
Fax: 855-595-1190
*jonathan.young@lockelord.com*

Michael B. Kind
111 South Wacker Drive
Chicago, IL 60606
T: 312-201-2392
F: 855-595-1192
*michael.kind@lockelord.com*

*Counsel for R3 Education, Inc.*

[signature]

NELSON MULLINS RILEY & SCARBOROUGH LLP
Gregory M. Taube
201 17th Street, NW, Suite 1700
Atlanta, GA 30363

*Counsel for Educational Computer Systems, Inc. and R3 Education, Inc.*

US Bankruptcy Court District of Kansas
Loyle v DOE et al. 20-5073
Agreed Judgment Order as to R3 & ECSI
July 28, 2020
Page 7

PAGE INCLUDED FOR SIGNATURE

construed or viewed as an admission by any Party of any of the allegations set forth in the Complaint. This Agreed Judgment Order, and the settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence or support a contention that any of the Parties acted illegally, improperly, or in breach of law, contract or proper conduct.

5. The provisions of this Agreed Judgment Order and the settlement provided for herein are for the sole benefit of the Parties and their successors and permitted assigns, and they will not be construed as conferring any rights to any third-party (including any third party beneficiary rights).

6. This order shall be binding on the chapter 7 trustee, the Debtors and their estates, including any subsequent chapter 7 or chapter 11 trustee, or any other type of trustee thereafter appointed in the Debtors' bankruptcy cases.

7. This order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules to the contrary.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Agreed Judgment Order.

9. The Debtors, R3, and ECSI consent to the entry of this Agreed Judgment Order

IN WITNESS WHEREOF, the Parties execute this Stipulation.

Dated: July __, 2020

_____         *Michael K__* (signature)
ERON LAW, P.A.                      _____
January M. Bailey, #23926           LOCKE LORD LLP
301 N. Main, Ste 2000               Jonathan W. Young
                                    111 Huntington Avenue