IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In Re:
Paris Edward Thomas Loyle
Katherine Christine Loyle                  Case No.    19-10065-7
                    Debtor(s)
_____

Paris Edward Thomas Loyle and
Katherine Christine Loyle,                 Adv. No.    20-05073
                    Plaintiff(s)
         -vs-
United States Department of Education,
Navient Solutions, LLC, Educational
Credit Management Corporation, Fedloan
Servicing, Educational Computer Systems,
Inc., R3 Education Inc., Firstmark Services,
Citizens One, Tab Bank, and American
Education Services,
                    Defendant(s)
_____

## JUDGMENT

On July 29, 2020, the Honorable Mitchell L. Herren, United States Bankruptcy Judge for the District of Kansas, filed Agreed Judgment Order as to R3 Education Inc. and Education Computer Systems Inc. which was entered on the docket on July 29, 2020.

IT IS THEREFORE ORDERED BY THE COURT that the relief sought by the Complaint is granted solely with respect to the R3 loan, subject to the terms and conditions set forth herein. The R3 loan is hereby deemed subject to the discharge granted to the Debtors by the Court pursuant to 11 U.S.C. § 727 on April 22, 2019. Except with respect to R3's and ECSI's obligations under this Agreed Judgment Order, the Debtors release and forever discharge R3 and ECSI and each of their successors and assigns, and their respective past, present and former shareholders, members, equity holders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives, of and from any and all losses, costs, claims, actions, lawsuits, administrative claims, arbitration claims, causes of action, demands, damages, obligations, expenses or liabilities of any type whatsoever, in law or in equity, imposed by contract, statute, common law or otherwise, whether or not known now, anticipated or unanticipated, suspected or claimed, fixed or contingent, direct or indirect, liquidated or unliquidated, accrued or unaccrued, irrespective of legal theory, including any claim or theory of strict liability or arising from any negligent, grossly negligent, willful, intentional or any other acts or omissions, and whether damage has resulted from such or not (collectively, "*Claims*"), arising from or relating to the R3 loan. Except with respect to the discharge of

In the United States Bankruptcy Court - District of Kansas
Adversary No. 20-05073
Loyle, et al v. United States Department of Education, et al
Judgment
Page 2

the R3 loan, nothing herein shall have any res judicata or preclusive effect on any proceeding or litigation initiated in any other court as to the R3 loan, or relating to or otherwise implicating the facts and law at issue in such a claim. Without limiting the foregoing, the Debtors, R3, and ECSI each understands and agrees that this Agreed Judgment Order and the settlement provided for herein, are intended to compromise disputed claims and defenses, to avoid litigation and to buy peace, and that this Agreed Judgment Order and the settlement provided for herein shall not be construed or viewed as an admission by any Party of liability or wrongdoing, such liability being expressly denied, and shall not be construed or viewed as an admission by any Party of any of the allegations set forth in the Complaint. This Agreed Judgment Order, and the settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence or support a contention that any of the Parties acted illegally, improperly, or in breach of law, contract or proper conduct. The provisions of this Agreed Judgment Order and the settlement provided for herein are for the sole benefit of the Parties and their successors and permitted assigns, and they will not be construed as conferring any rights to any third party (including any third party beneficiary rights). This order shall be binding on the chapter 7 trustee, the Debtors and their estates, including any subsequent chapter 7 or chapter 11 trustee, or any other type of trustee thereafter appointed in the Debtors' bankruptcy cases. This order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules to the contrary. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Agreed Judgment Order. The Debtors, R3, and ECSI consent to the entry of this Agreed Judgment Order.

DATED: July 30, 2020

DAVID D. ZIMMERMAN, CLERK
UNITED STATES BANKRUPTCY COURT

s/Misse Swiggart_____
Deputy Clerk