**SO ORDERED.**

**SIGNED this 30th day of March, 2021.**




Mitchell L. Herren
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PARIS EDWARD THOMAS LOYLE | ) | Case No. 19-10065 |
| KATHERINE CHRISTINE LOYLE, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| PARIS EDWARD THOMAS LOYLE AND | ) | |
| KATHERINE CHRISTINE LOYLE, | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION, NAVIENT SOLUTIONS LLC, | ) | |
| EDUCATIONAL CREDIT MANAGEMENT | ) | Adv. Proc. No. 20-5073 |
| CORPORATION, FEDLOAN SERVICING, | ) | |
| EDUCATIONAL COMPUTER SYSTEMS, INC, R3 | ) | |
| EDUCATION INC, FIRSTMARK SERVICES, | ) | |
| CITIZENS ONE, TAB BANK, LIBERTY BANK nka | ) | |
| THE MIDDLEFIELD BANKING COMPANY, | ) | |
| FCDB NPSL III TRUST 2014-1, AND CORONADO | ) | |
| STUDENT LOAN TRUST | ) | |
| Defendants. | ) | |

## FINAL PRETRIAL ORDER

The Report of the Parties' Planning Meeting was filed on September 18, 2020, as Document 39 and the Court entered its Order accepting the Report on September 22, 2020. A status conference has been set for April 16, 2021, at 11:00 a.m., if no Pretrial Order is entered.

### 1. APPEARANCES

Counsel present and participating in this case are:

A. January M. Bailey of Prelle Eron & Bailey, P.A. for Plaintiffs, Paris and Katherine Loyle,

B. David A. Gellis of Manz, Swanson, Hall, Fogarty & Gellis, P.C. appears for defendant Navient Solutions, LLC ("Navient"), and

C. Brian Sheern of the United States Attorney's Office appears for the Department of Education ("DOE").

D. There were no other appearances.

### 2. JURISDICTION AND CONSENT TO FINAL ORDER

The parties to the above captioned adversary proceeding stipulate to the jurisdiction of the Court and consent to the trial and entry of a final order by the Bankruptcy Court.

### 3. NATURE OF THE CASE

This is a complaint to determine the dischargeability of student loans pursuant to 11 U.S.C. §523(a)(8), alleging that repayment of student loans would impose an undue hardship on Plaintiffs and the Plaintiffs' dependents. Some student loans were discharged in this adversary proceeding by default judgment. Plaintiffs seek discharge of remaining student loans totaling approximately $437,775. Of this amount, approximately $58,000 is owed by Paris Loyle to

Navient on a private student loan, $153,000 to DOE by Katherine Loyle, and $227,000 to DOE by Paris Loyle.

### 4. AMENDMENTS TO THE PLEADINGS

The parties have no amendments to the pleadings.

### 5. DISPOSITIVE MOTIONS

The dispositive motion deadline is April 9, 2021.

### 6. STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States Bankruptcy Court for the District of Kansas has jurisdiction of the parties hereto and the subject matter hereof and may try this matter to final judgment; that all proper, necessary and indispensable parties are parties hereto. The parties intend to file additional stipulations prior to trial.

### 7. ISSUES AND THEORIES

**7.1 PLAINTIFF'S THEORY OF RECOVERY:**

A. Elements: In order to prevail, the Plaintiffs must show that not discharging the student loans would be an undue hardship for the Plaintiffs and their dependents. The Plaintiffs have the burden of proof to show undue hardship. Under *Educational Credit Management Corp v. Polleys*, 356 F.3d 1302 (10th Cir. 2004), the Plaintiffs must show the following elements:

   i. The Plaintiffs cannot maintain a minimal standard of living while repaying the student loan debt;

      ii. This state of affairs is likely to persist for a significant portion of the repayment period of the student loans;

      iii. The Plaintiffs are acting in good faith in seeking the discharge.

  B. Issues of Fact to be resolved at trial:

      i. Can the Plaintiffs maintain a minimal standard of living if forced to repay the student loan debt?

      ii. If not, do the circumstances show that this state of affairs is likely to persist for a significant portion of the repayment period?

      iii. Are the Plaintiffs seeking the discharge of the student loans in good faith?

  C. Issues of Law to be resolved at trial:

      i. What is the repayment period on the student loans?

      ii. How does the Court define a "significant portion" of the repayment period?

      iii. Do the Plaintiffs face an undue hardship if the student loan debts are not discharged?

  D. Mixed Issues of Fact and Law: Plaintiffs believe that each issue may be of mixed fact and law.

**7.2 DEFENDANT NAVIENT DEFENSES (INCLUDING AFFIRMATIVE DEFENSES):**

Defendant, Navient maintains that Plaintiffs cannot meet the elements of dischargeability, for the following reasons:

  A. Elements: same as Plaintiff

B. Issues of fact: The following issues of fact relative to the above referenced elements must be resolved at trial:

1. Whether Plaintiff Paris Loyle can maintain a minimal standard of living for himself and his dependents if forced to repay his educational loan debt;

2. Whether additional circumstances exist that indicate Plaintiff Paris Loyle's state of affairs is likely to persist for a significant portion of the repayment period of the educational loans;

3. Whether Plaintiff Paris Loyle has properly included household income and expenses;

4. Whether Plaintiff Paris Loyle has minimized his expenses.

C. Issues of law: The following issues of law relative to the above elements of the above referenced theory of recovery must be resolved at trial: whether excepting from discharge the Debtor Paris Loyle's educational loan debt owed to Navient Solutions, LLC would impose an undue hardship on the Debtor and the Debtor's dependents, pursuant to 11 U.S.C. § 523(a)(8).

D. Mixed issues of fact and law: None.

**7.2 DEFENDANT DOE'S DEFENSES (INCLUDING AFFIRMATIVE DEFENSES):**

Defendant DOE maintains that Plaintiffs cannot meet the elements of dischargeability, for the following reasons:

A. Elements: Same as Plaintiff.

B. Issues of fact: The following issues of fact relative to the above referenced elements must be resolved at trial:

1. Can Plaintiffs maintain a minimal standard of living if forced to repay the student loans?

2. Do additional circumstances exist that indicate their state of affairs is likely to persist for a significant portion of the repayment period of the student loans?

3. Have Plaintiffs properly included household income and expenses?

4. Have Plaintiffs made a good faith effort to repay the loans?

5. Have Plaintiffs minimized their expenses?

6. What income dependent options are available to Plaintiffs and at what level?

7. What loan forgiveness options are available to Katherine Loyle?

C. Issues of law: The following issues of law relative to the above elements of the above referenced theory of recovery must be resolved at trial:

1. Will repayment of Plaintiffs' student loans cause an undue hardship?

D. Mixed issues of fact and law: None.

**7.3 COUNTERCLAIMS; CROSS CLAIMS; AND THIRD PARTY CLAIMS:**

There are no known counterclaims, cross claims, or third-party claims.

## 8. RELIEF SOUGHT

Plaintiffs seeks relief from the student loan debt pursuant to 11 USC §523(a)(8).

Defendants seek an order determining that the student loan debts are non-dischargeable debts.

## 9. BRIEF LIST OF CITATIONS

If the parties desire not to file trial briefs, they must include a list of citations. The lists of

citations should include case and statutory citations and authorities supporting the parties' respective theories. The parties jointly submit the list of citations.

**ISSUES OF LAW**

    A. Determine dischargeability of student loan pursuant to 11 USC §523(a)(8):

        i. *In Re Mersmann*, 505 F.3d 1033 (10th Cir. 2007).

        ii. *Alderete v. Educational Credit Management Corp.* (*In re Alderete*), 412 F.3d 1200 (10th Cir. 2005).

        iii. *Educational Credit Management Corp v. Polleys*, 356 F.3d 1302 (10th Cir. 2004).

        iv. *Azwar v. Texas Guaranteed Student Loan Corp.*, 326 B.R. 165 (B.A.P. 10th 2005).

        v. *In Re Brunner*, 46 B.R. 752, 756 (S.D.N.Y. 1985) aff'd 831 F. 2d 395 (2nd Cir. 1987).

        vi. *In Re Innes v. Kansas*, 284 B.R. 496 (D. Kan. 2002).

        vii. *In Re Schwaiger*, 361 B.R. 181 (Bankr. Kan. 2007).

        viii. *Mandala v. Educational Credit Management Corp.*, 310 B.R. 213 (Bankr. D. Kan. 2004).

        ix. *In Re Edwards*, 561 B.R. 848 (D. Kan. 2016).

        x. *Educ. Credit Mgmt. Corp. v. Goodvin*, No. 20 CV 1247-JWL, (D. Kan. Mar. 17, 2021).

        xi. *Mandala v. Educational Credit Management Corp.*, 310 B.R. 213 (Bankr. D. Kan. 2004)

    xii.   *Brown v. Sallie Mae, Inc*. (*In re Brown*), 442 B.R. 776 (Bankr. D. Colo. 2010).

    xiii.   *Buckland v. Educational Credit Management Corp*., 424 BR. 883 (Bankr. Kan. 2010).

    xiv.   *In re Shirzadi*, 269 B.R. 664 (Bankr. S.D. Ind. 2001).

    xv.   *Gesualdi v. Educ. Credit Management Corp.* (*In re Gesualdi)*, 505 B.R. 330 (Bankr. S.D. Fla. 2013).

    xvi.   *In re Murphy*, 2018 WL 2670455 (Bankr. D. N.M. 2018).

    xvii.   *Tingling v. U.S. Dep't of Educ*., 611 B.R. 710, 722 (E.D.N.Y. 2020)

    xviii.   *In re Tingling*, No. 20-757-BK, 2021 WL 922448, (2d. Cir. Mar. 11, 2021)

B. Partial Discharge

    i.   *Alderete v. Educational Credit Management Corporation*, 412 F. 3d 1200 (10th Cir. 2005).

    ii.   *In Re Metz*, 589 B.R. 750, (Bankr. Kan. 2018).

    iii.   *Educ. Credit Mgmt. Corp. v. Murray*, No. 16-2838, 2017 U.S. Dist. LEXIS 155043 (D. Kan. Sep. 22, 2017).

    iv.   *Murray v. ECMC (Educ. Credit Mgmt. Corp.) (In re Murray)*, 563 B.R. 52 (Bankr. D. Kan. 2016).

C. Income Dependent Repayment Plan

    i.   *Roe v. College Access Network*, 295 Fed. Appx. 927 (10th Cir. 2008).

    ii.   *Alderete v. Educational Credit Management Corporation*, 412 F. 3d 1200 (10th Cir. 2005).

    iii.   *Buckland v. Educational Credit Management Corp.*, 424 BR. 883 (Bankr. Kan. 2010).

    iv.   *Educ. Credit Mgmt. Corp. v. Goodvin*, No. 20 CV 1247-JWL, (D. Kan. Mar. 17, 2021).

## 10. LIST OF EXHIBITS; REMINDER OF COMPLIANCE

The parties intend to jointly submit exhibits, all of which are listed under Plaintiff's list.

**10.1 PLAINTIFF'S LIST OF EXHIBITS**

1. All relevant pleadings filed in lead bankruptcy case and in this adversary proceeding. Judicial notice should be taken of the filed pleadings, however, they will be provided for ease of access with other exhibits.;
2. Andover State Bank statements dated 1/1/2018 to 2/09/2021;
3. Westerra Credit Union statements dated 12/23/2017 to 2/28/2021;
4. Andover State Bank childrens' account statements dated 1/1/2018 to 3/8/2021;
5. Paystubs from Air Capital Chiropractic dated 1/3/2020 to 2/26/2021, totaling 32 pages;
6. Paystubs for Andover USD 385 dated 1/15/2020 to 2/12/2021, totaling 14 pages;
7. 2020 Year End KPERS Statement for Katherine Loyle;
8. 2015 federal tax returns, 29 pages;
9. 2016 federal tax returns, 32 pages;
10. 2017 federal tax returns, 22 pages;
11. 2018 federal tax returns, 23 pages;
12. 2019 federal tax returns, 21 pages;
13. 2020 federal tax returns, unknown pages;

14. Plaintiff Paris Loyle's Application and Promissory Note for Navient educational loan, 8 pages;

15. Account Summary Electronic Record for Plaintiff Paris Loyle's Navient educational loan;

16. Navient's Interrogatories, Request for Production of Documents and Requests for Admission and Plaintiff's responses to Navient's Interrogatories, Request for Production and Requests for Admission, 32 pages;

17. Navient's Business Records Affidavit, 3 pages;

18. Depositions of Paris and Katherine Loyle;

19. DOE Certificates of Indebtedness for Paris and Katherine Loyle;

20. DOE Loan Applications and Promissory Notes for Paris and Katherine Loyle;

21. DOE Loan History for Paris and Katherine Loyle;

22. DOE Payment History for Paris and Katherine Loyle;

23. DOE Deferment and Forbearance History for Paris and Katherine Loyle;

24. National Student Loan Data System Information for Paris and Katherine Loyle;

25. DOE Income Dependent Plan payment history for Paris and Katherine Loyle;

26. DOE Payment Plan Options for Paris and Katherine Loyle;

27. DOE Loan Forgiveness History and Options for Katherine Loyle;

28. Summary exhibit(s).

**10.4 COMPLIANCE WITH L.B.R. 9072.1**

Counsel are to comply with Local Bankruptcy Rule 9072.1 and to furnish the Court with copies of all exhibits three (3) business days in advance of trial, together with an exhibit list in a form substantially in compliance with the form from the Clerk's office.

## 11.  WITNESSES

**11.1 PLAINTIFF'S WITNESSES:**

A. Plaintiff, Paris Edward Thomas Loyle;

B. Plaintiff, Katherine Christine Loyle;

C. All witnesses listed by each of the Defendants;

D. All witness as necessary for foundation, rebuttal and/or impeachment.

**11.2 DEFENDANT NAVIENT WITNESSES:**

A. Plaintiffs, Paris Edward Thomas Loyle and Katherine Christine Loyle may be called to testify as to facts relevant to their cause of action, including their education, financial circumstances and Paris Loyle's efforts to repay Navient Solutions, LLC.

B. A custodian of records for Navient may appear at Trial to testify to any factual issues concerning Plaintiff Paris Loyle's account with Navient.

C. Navient reserves the right to call and examine any witness called by any other party at Trial.

**11.3 DEFENDANT DOE WITNESSES:**

A. Plaintiffs, Paris Edward Thomas Loyle and Katherine Christine Loyle may be called to testify as to facts relevant to their cause of action, including their education, financial circumstances and their efforts to repay DOE.

B. A DOE representative may appear at Trial to testify to what Plaintiffs owe in federally funded student loan debt and any associated issues, including, but not limited to, payment history, loan forgiveness, and income dependent repayment options.

C. DOE reserves the right to call and examine any witness called by any other party at Trial.

**11.4 WITNESS SUMMARY**

The Plaintiffs will testify as to any matter in the case, including education history, employment and income history, current income situation, student loan payment history, current expenses, and anticipated future income and employment prospects.

A DOE representative would testify to what Plaintiffs owe in federally funded student loan debt and any associated issues, including, but not limited to, payment history, loan forgiveness and income dependent repayment options.

## 12. TRIAL

This case will be set for trial on the Court's docket as soon as practicable after the entry of this Order. Trial time is estimated to be one-half (1/2) day.

# 13. FURTHER PROCEEDINGS AND FILINGS

**13.1  STATUS CONFERENCE**

A status conference is scheduled for April 16, 2021, at 11:00 AM, if this Pretrial Order is not entered.

**13.2 TRIAL BRIEFS**

Each party desiring to submit a trial brief shall comply with the requirements of D. Kan. L.B.R. 9013.1.  Trial briefs are due at least three (3) days prior to the date of the trial.  Unless noted below the Court does not require trial briefs but finds them helpful, particularly if the parties anticipate that unique or difficult issues will arise during trial.

_____  If checked, the Court requires trial briefs be filed on the schedule set out above.

# 14. ORDERS OF THE COURT

14.1 Except by consent of the parties or by order of the Court to prevent manifest injustice, exhibits not listed and not described in this order shall not be admitted into evidence and witnesses not listed and not identified in this Order shall not testify except in proper rebuttal. Either party may offer the testimony of witnesses listed by the other and either party may offer into evidence exhibits listed by the other.

14.2 The pleadings in the above captioned case are incorporated herein by reference, but this order shall control the subsequent course of this action and shall not be modified except by order of the Court on its own motion or on motion of the parties to prevent manifest injustice.

14.3 The Court finds that this case is at issue, all discovery is complete and that the case will submitted upon stipulated facts or in the alternative is ready for trial upon entry of this order and

any order(s) resolving any dispositive motions. This order shall supersede the pleadings filed herein in defining issues for trial to the Court.

14.4 The date of trial will be set by the Court after consultation with the parties and, as such, will be deemed to be agreed to among the parties. Therefore, a trial setting will likely not be continued. Parties seeking continuances are advised to refer D. Kan. Rule 6.1(b) and to note that strict compliance with same is required as this rule has been adopted by this Court, L.B.R. 1001.1.

**IT IS SO ORDERED.**

# # #

Submitted by:

| | |
|---|---|
| PRELLE ERON & BAILEY, P.A.<br>Attorney for Plaintiffs<br><br>   s/ *January M. Bailey*   <br>January M. Bailey, #23926<br>301 N. Main, Ste 2000<br>Wichita, KS 67202<br>T: (316) 262-5500<br>F: (316) 262-5559<br>january@eronlaw.net | US ATTORNEY<br>Attorney for DOE<br><br>   s/ *Brian D. Sheern*   <br>Brian D. Sheern, #21479<br>Assistant US Attorney<br>301 N Main, Ste 1200<br>Wichita, KS 67202<br>T:  (316) 269-6481<br>F:  (316) 269-6484<br>brian.sheern@usdoj.gov |

MANZ, SWANSON, HALL, FOGARTY & GELLIS, P.C.
Attorney for Navient Solutions, LLC

   s/ *David A. Gellis*   
David A. Gellis, #78310
1100 Main Street, Ste 1930
Kansas City, MO 64105
T: (816) 472-5310
F: (816) 472-5320
dgellis@mslawkc.com

United States Bankruptcy Court
District of Kansas

Loyle,
    Plaintiff

United States Department of Education,
    Defendant

Adv. Proc. No. 20-05073-MLH

# CERTIFICATE OF NOTICE

| District/off: 1083-6 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 31, 2021 | Form ID: pdf020ap | Total Noticed: 3 |

The following symbols are used throughout this certificate:
**Symbol    Definition**
+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 02, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| pla | + | Katherine Christine Loyle, 15213 E Stratford St, Wichita, KS 67230-6640 |
| pla | + | Paris Edward Thomas Loyle, 15213 E Stratford St, Wichita, KS 67230-6640 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: ustpregion20.wi.ecf@usdoj.gov | Mar 31 2021 21:59:00 | U.S. Trustee, Office of the United States Trustee, 301 North Main Suite 1150, Wichita, KS 67202-4811 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Apr 02, 2021      Signature:      /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 31, 2021 at the address(es) listed below:

**Name**      **Email Address**

Brian D Sheern
    on behalf of Defendant United States Department of Education brian.sheern@usdoj.gov michelle.lies@usdoj.gov;phyllis.creed@usdoj.gov;CaseView.ECF@usdoj.gov

David Alan Gellis
    on behalf of Defendant Navient Solutions LLC dgellis@mslawkc.com ccariani@mslawkc.com

January M Bailey
        on behalf of Plaintiff Katherine Christine Loyle january@eronlaw.net  notices2@eronlaw.net

January M Bailey
        on behalf of Plaintiff Paris Edward Thomas Loyle january@eronlaw.net  notices2@eronlaw.net

TOTAL: 4