IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | Case No. 19-10065 |
| PARIS EDWARD THOMAS LOYLE and ) | Chapter 7 |
| KATHERINE CHRISTINE LOYLE, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| PARIS EDWARD THOMAS LOYLE ) | |
| and KATHERINE CHRISTINE LOYLE, ) | |
| ) | Case No. 20-05073 |
| Plaintiffs ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, et al., ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

Firstmark Services ("Firstmark"), by and through counsel, hereby submits its Memorandum in Support of its Motion to Set Aside the Entry of Default and Default Judgment entered against it in this matter, and states as follows:

FACTUAL AND PROCEDURAL BACKGROUND

1. On or about February 5, 2015, Debtor executed a note (the "Note") in favor of RBS Citizens, N.A. d/b/a Charter One ("Lender"). *See* Declaration of Kimberlee Hartman (the "Hartmann Decl."), submitted herewith and incorporated herein by this reference.

2. Firstmark is not a party to the Note. *See* Hartmann Decl., ¶ 5.

3. Firstmark is a servicer of the loan memorialized in the Note. *See* Hartmann Decl., ¶ 6.

4. Firstmark is not the beneficial owner of the loan memorialized in the Note. *See* Hartmann Decl., ¶ 7.

5. Firstmark's practice upon receipt of a complaint or other legal process is as follows:

    a. Notice is sent to the lender on the particular loan, if applicable.

    b. The complaint or other legal process is scanned in and sent ot the legal department where it is dealt with going forward.

*See* Hartmann Decl., ¶ 8.

6. With respect to the complaint and summons in this proceeding, the complaint was scanned in upon receipt, but due to a clerical oversight, it was not sent to the legal department and Firstmark therefore did not timely file a responsive pleading herein. *See* Hartmann Decl., ¶ 9.

7. The Clerk of Court entered default against Firstmark and Lender on June 17, 2020. Doc.# 64.

8. The Court entered default judgment against Firstmark and Lender on June 18, 2020. Doc.# 68.

## RELIEF REQUESTED AND REASONS THEREFOR

Firstmark respectfully requests that it that the Court enter an order setting aside the default judgment and default entered against it and giving it seven (7) days from entry of such order to file a motion to dismiss on the basis that Firstmark is not a proper party.

## ARGUMENT

A court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b). Defendants rely on subsection (1) of Rule 60(b), which provides that upon motion and just terms the court may set aside a judgment for the reasons of

'mistake, inadvertence, surprise, or excusable neglect.'" In re Thomas, 2016 WL 424971, at *2 (Bankr. D. Kan. Feb. 3, 2016) (citations omitted). "Factors in determining whether excusable neglect exists include: the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. The Court should resolve doubts in favor of the party seeking relief." Marcus Food Co. v. Dipanfilo, 2010 WL 3946314, at *9 (D. Kan. Oct. 5, 2010), aff'd, 671 F.3d 1159 (10th Cir. 2011) (citations omitted). In addition, after establishing excusable neglect, the movant must demonstrate he has a meritorious defense. Id.

Here, the factors favor a finding of excusable neglect. First, there is no prejudice to the Debtor, as setting aside the default and default judgment against Firstmark will have no effect on the dischargeability of the debt underlying the Note (hereinafter the "Loan"). RBS Citizens, N.A. d/b/a Charter One is the party who holds and owns the Loan that Debtor seeks to have discharged. Firstmark, on the other hand, is a mere servicer of the debt. Debtor has already obtained a default judgment against the Lender. Debtor is in no better or worse position if the default and default judgment against Firstmark is set aside.

As for the length of the delay and its potential impact on judicial proceedings, as noted above, setting aside the default and default judgment against Firstmark will have no impact on the dischargeability of the Loan serviced by Firstmark.

As set forth above, the reason for the delay was a clerical error on the part of an employee in the intake process. The mistake was inadvertent, not willful, and in good faith.

Finally, Firstmark has a meritorious defense in that it has no interest in the Loan, as it is only the servicer. "Generally, the proper defendant to be named in the complaint is the holder of

3
HB: 4824-0478-3796.1
Case 20-05073    Doc# 114    Filed 04/05/21    Page 3 of 5

the student loan as of the date the complaint is filed." In re Himes, 2001 WL 34076414, at *1 (Bankr. C.D. Ill. Aug. 29, 2001). Mere servicers of student loan debt, as opposed to the holders of that debt, are not proper parties to 523(a)(8) non-dischargeability suits, as they do not have an interest in the loans at issue. See Grabis v. Navient Solutions, LLC, 2018 WL 1508754, *5 (Bankr. S.D.N.Y. 2018); Aalabdulrasul v. ACS (In re Aalabdulrasul), 2012 WL 1597277, at *1-2; (Bankr. N.D. Iowa May 7, 2012); In re Srinivasan, 2010 WL 3633062 (Bankr. D.N.J. Sept. 7, 2010). Accordingly, Firstmark is not a proper party and is entitled to dismissal on that basis.

In sum, setting aside the default judgment and default against Firstmark will not prejudice the Debtor in the slightest, as she still has a default judgment against the Lender, who allegedly does have an interest in the Loan. It will not prejudice any of the other defendants for the same reason.

WHEREFORE, Firstmark Services respectfully requests that the Court enter an order setting aside the default judgment and default entered against it and giving it seven (7) days from entry of such order to file a motion to dismiss; and granting any other and further relief that is just and proper.

Dated: April 5, 2021.

Respectfully submitted:

HUSCH BLACKWELL LLP

*s/ Christopher Miles*
CHRISTOPHER MILES, KS #25562
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: 816-983-8000
Facsimile: 816-983-8080
Christopher.Miles@huschblackwell.com

*Attorneys for FirstMark Services*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above Mmorandum was electronically filed with the Clerk of the United States Bankruptcy Court for the District of Kansas on April 5, 2021, and was served upon the Office of the United States Trustee, Debtors' Counsel and all parties receiving CM/ECF notification in this matter, as evidenced by the receipt generated at the time of filing.

                                              *s/ Christopher Miles*
                                              CHRISTOPHER MILES