*Judge Herren*
*Bankruptcy Judge*

*May 04, 2021*

January Bailey, Prelle Eron & Bailey, PA, 301 N Main St., Suite 200, Wichita, KS 67202
Brian Sheern, U.S.Attorney's Office, 1200 Epic Center, 301 N. Main, Wichita, KS 67202
David Gellis, Manz Swanson Hall Fogarty & Gellis, 1100 Main St., Suite 1930, Kansas City, MO 64105

**In re: LOYLE; Case No. 19-10065-7 (Adv. 20-5073)**

Dear Counsel:

The referenced case has been set for trial on a <u>1 **day stacking docket, on May 18, 2021 at 9:00 A.M.**</u> This will serve as your reminder of the trial setting and that the following requirements must be met prior to the date of the trial.

1. **The Bankruptcy Clerk's office will be contacting you within a few days.** You should, however, contact the clerk's office if you have any information in regards to settlements, any intent to share exhibits, or complications. The clerk's office <u>must</u> be informed at least **48 hours** prior to the commencement of the trial concerning an agreed journal entry of settlement. If a journal entry is not submitted within that time frame, you must appear to announce the settlement for the record.

2. Continuances will not be granted upon stipulation of counsel but may be allowed upon timely motion and by order of the Court under exceptional circumstances for good cause shown. <u>See</u> U.S.D.C. Local Rule 6.1(b).

3. **<span style="color:red">IMPORTANT: Please read the attached Notice regarding virtual proceedings, particularly Paragraph 3 for Zoom proceedings and submission of exhibits.</span>**

4. Trial briefs may be submitted to the Court. All briefs must be submitted in accordance with the deadlines set out in the Pretrial Order or other order of the Court. Briefs must be submitted at least seventy-two (72) hours before the scheduled trial and served on opposing counsel.

**<u>This trial is set on a stacking basis. You should contact Annette Albright or Marnie Bourbonnais prior to your trial date to ascertain the date and time your trial is expected to be heard.</u>**

Sincerely yours,

<u>s/ Mitchell L. Herren</u>
Mitchell L. Herren
U.S. Bankruptcy Judge

*Note enclosure: Sample exhibit sheet
Trial List
Notice Regarding Virtual Proceedings and COVID-19 Protocol

\#                                                                                                                              \#

# MISCELLANEOUS STACKING TRIALS
## Before HON. MITCHELL L. HERREN- Room 150, U.S. Courthouse
## MAY 18, 2021 beginning at 9:00 a.m. until concluded

**McGREEVY**         **13**         **20-11065**         **2 HOURS**

Issue: Confirmation of Chapter 13 Plan and Objection by Trustee
Counsel: Mark Lazzo/Debtors; Carl Davis/Trustee;


**WINSLOW**         **13**         **19-12461**         **2 HOURS**

Issue:   Guaranty State Bank's Combined Motion for Relief from the Automatic Stay, Motion for Determination of Secured Status, and Objection to Trustee's Motion to Compel Turnover of Estate Property and Response by Debtors
Counsel:   David Lund/Debtors; Carl Davis/Trustee; Wesley Smith/Guaranty State Bank & Trust Company;


**LOYLE**         **7**         **19-10065(20-5073)**         **2 HOURS**

Issue: Debtors' Complaint to Determine Discharge of Student Loans and Answer of United States Department of Education and Answer of Navient Solutions LLC
Counsel: January Bailey/Plaintiff-Debtors; Brian Sheern/U.S. Dept of Education; David Gellis/Navient Solutions LLC.

# Notice Regarding Virtual Proceedings
# Before the Honorable Mitchell L. Herren ---COVID-19 Protocol

In light of the spread of COVID-19, unless otherwise ordered in a specific case or proceeding, Judge Herren is implementing the following procedures effective January 1, 2021:

1. **Audio and Videoconferencing Platforms.** Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, made applicable here by Rule 9017 of the Federal Rules of Bankruptcy Procedure, the current COVID-19 pandemic provides good cause in compelling circumstances to permit hearings and trials to be conducted remotely using audio and video conferencing platforms. Accordingly, unless otherwise ordered in a specific case or proceeding, all hearings and trials scheduled before Judge Herren, including evidentiary hearings, will be **conducted virtually.** The Court adopts the following procedures governing virtual hearings and trials that provide appropriate safeguards in regard to such proceedings.

2. **Telephone Proceedings.**

    a. **Participants.** The instructions for appearing by telephone are:

    **Dial: 1-888-273-3658**
    **Participant Access Code: 6852515 #**

    Please call the conference number at least five minutes prior to the scheduled proceeding. There is NO COST to you for this service.

    b. **Attendance at the telephone proceedings.** All participants in the telephone proceeding shall identify themselves if requested by the Court and before each time they speak (for a clear electronic record) and shall abide by the requirements of paragraphs 3(g) and 4, below.

3. **Zoom Proceedings.** For video proceedings, the Court shall use Zoom for Government (for audio and video purposes). The Zoom link shall be provided by the Court to the list of persons identified by the parties as Zoom participants in accordance with subparagraph (a) below, and to any other participants who provide notice to the Court in accordance with subparagraph (b) below. All counsel who participate via Zoom shall participate in appropriate testing of Zoom prior to the virtual hearing or trial as may be requested by Court personnel.

    a. **Prior Notice of Intent to Participate Via Zoom**. By no later than ***three (3) business days prior to the scheduled hearing/trial date,*** counsel for the parties and any unrepresented party shall provide the Court at Annette_Albright@ksb.uscourts.gov and

Marnie_Bourbonnais@ksb.uscourts.gov with a list of all (1) *attorneys* and *unrepresented parties,* including the person's first and last names, affiliation, party represented (in the case of attorneys), telephone number and email address, and (2) *witnesses* (including first and last names, title(s), affiliation, phone number and email address) who will be participating in the virtual evidentiary proceeding via Zoom. Anyone who is connecting to the virtual proceeding by telephone must provide the Court with the telephone number that will be used to connect to the hearing or trial along with the first and last names of the participant. Prior to the proceeding, the Court will circulate the Zoom link to such participants by email. When emailing the Court please identify the specific case and Zoom meeting you are emailing about in the subject line.

      **b.**     **Attendance at the Virtual Proceeding by Others** All who wish to hear or observe the virtual proceeding shall send an email to Annette_Albright@ksb.uscourts.gov and Marnie_Bourbonnais@ksb.uscourts.gov no later than ***three (3) business days prior to the scheduled hearing/trial date.*** If you are connecting to the virtual proceeding by telephone, you must provide the Court with the telephone number that will be used to connect, the first and last names of each person who will connect, and such person's interest in the proceeding. Prior to the proceeding, the Court will circulate the Zoom link to those who wish to hear or observe the proceeding. Persons who are only listening or observing the virtual proceeding must keep their telephone or microphone muted at all times unless they are addressed by the Court.

      **c.**     **Submission of Exhibits.** No later than three (3) full business days before trial, all parties shall submit to the clerk's office via e-mail at KSBWichita_Exhibits@ksb.uscourts.gov or deliver a flash drive (subject to redaction of personal information) of all proposed exhibits in PDF format. Each PDF document may contain up to fifty (50) exhibits, with each individual exhibit marked per LBR 9072.1, bookmarked if possible, and paginated to ensure easy navigation. The first page of the PDF file shall be the Exhibit Sheet that accompanies the trial reminder letter and is used to track offering, objections, and admission of exhibits. One paper set of exhibits shall also be delivered to the clerk's office, tabbed, paginated and in notebooks for witness use at any live hearing and as a file copy. A complete set of exhibits shall also be delivered by each party to opposing counsel, unrepresented parties, and if applicable<u>, any witness scheduled to appear remotely.</u> Exhibits provided to remotely appearing witnesses shall be in paper form, tabbed, paginated and in notebooks. All exhibits must be clearly legible. Exhibits exchanged between parties can be in any format agreed between counsel and parties.

**d. Impeachment Exhibits.** Exhibits intended to be used only for impeachment purposes shall be submitted to the Court and other parties via email separately from all other exhibits in a folder conspicuously labeled "For Impeachment Purposes Only," the contents of which shall be password protected. Upon cross-examination, the impeaching party shall reveal the password so that the applicable pdf file in the "For Impeachment Purposes Only" folder may be accessed.

**e. Remote Witness Testimony.** Any witness called to testify at a virtual proceeding shall testify by contemporaneous transmission from a different location than the courtroom (the "Remote Witness"). All Remote Witnesses shall be sworn in over Zoom, and such testimony will have the same effect as if the Remote Witness were sworn in person in open court at the courthouse. In the event of an error or malfunction with Zoom, the Remote Witness may be sworn in and testify via the dial-in number included in the Zoom invitation. The party offering the Remote Witness shall be responsible for ensuring that the Zoom link, and all exhibits from all parties are supplied to the Remote Witness in hard copy prior to, or in the case of impeachment exhibits, at the virtual evidentiary proceeding. No person other than counsel may be present in the room from which the Remote Witness will testify during the testimony of the Remote Witness. When counsel is questioning a Remote Witness, both the Remote Witness and the counsel must be visible to the Court and other counsel. Best practice is for counsel and Remote Witnesses, as well as parties, to have separate Zoom cameras. While the Remote Witness is testifying, unless permission has been given by the Court, the Remote Witness may not have in the room any paper or electronic documents except his or her declaration submitted in lieu of direct testimony and all exhibits from all parties submitted to the Court pursuant to subparagraph (c) above.

**f. Checking in for Zoom Proceeding.** Based on the number of participants in the Zoom proceeding, and the Court's security requirements for participating in a Zoom for Government audio and video hearing or trial, all participants seeking to join the virtual evidentiary proceeding should connect to the hearing or trial 30 minutes before the scheduled start time. When participants sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the proceeding. Participants who type in only their first name, a nickname or initials will not be admitted into the virtual hearing or trial.

**g. Protocol.** Participants should mute their phones when not addressing the Court to prevent background noise, which is distracting to participants and interferes with the record. Participants should, where

possible, avoid speaker phone, Bluetooth, and other hands-free features when addressing the Court, as these features can cause interference.

**4. Courtroom Formalities.** Although being conducted using audio and videoconferencing platforms, the virtual hearing or trial constitutes a court proceeding, and any photographs or recording other than the official court version is prohibited by D. Kan. Rule 83.2.1. No participant may record images or sounds from any location. When called to testify, Remote Witnesses must situate themselves in such a manner as to be able to view the video screen and be seen by the Court. For purposes of virtual proceedings, the formalities of a courtroom must be observed, except that the Court will permit counsel and witnesses to remain seated, even when addressing the Court. Using "Gallery View" is recommended so you can view all participants at the same time. Please be aware that there may be a slight delay between the time words are spoken and when they are heard by others. Please try to avoid speaking over others.

**5. Complex Chapter 11 Cases.** The procedures set forth in this notice do not apply in complex Chapter 11 cases. Instead, participants should refer to the case management order entered in those cases.

**6. Questions.** For questions regarding this hearing, or if you have not received the Zoom conference email, please contact Annette Albright (316) 315-4113; Marnie Bourbonnais (316) 315-4116; or Reply All to this email. For technical issues, before or during this hearing, please contact Doug Burnette (785) 338-5942; Chad Sutton (316) 315-4143; or Reply All to this email.

Thank you.

2021.04.26

# EXHIBIT SHEET

**CASE NAME:** _____

**CASE NO:** _____

**ADVERSARY NO:** _____

**EXHIBITS SUBMITTED BY:**

_____  Attorney for: _____

**TRIAL DATE**: _____

| *NO.* | *DESCRIPTION* | *ID* | *OFF* | *ADM* | *DISPOSITION* |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**NOTE:  Plaintiffs or movants must use numerical symbols.  Defendants or respondents must use alphabetical symbols.  The Court requires three (3) complete sets of exhibits, three (3) days in advance of trial.**